UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES W. KING,

    Plaintiff,

    v.

TRITON INDUSTRIES, INC.,

    Defendant.

_____

Case No. 1:08-cv-1006

HONORABLE PAUL L. MALONEY

## OPINION and ORDER

**Directing the Plaintiff to File an Amended Complaint and Amended Damages Calculation;
Rescheduling Hearing on the Defendant's Motion for Summary Judgment**

Plaintiff James W. King ("King") is an independent sales representative representing principals to the boat industry in the southeastern United States. *See* Comp ¶ 5 and Ans ¶ 5. In May 2004, King and defendant Triton Industries, Inc. ("Triton") entered into an oral agreement wherein he would be Triton's exclusive sales representative to boat dealers in the States of Alabama, Georgia, North Carolina, South Carolina, Tennessee, and Georgia, using his best efforts to solicit new dealer accounts (and new orders from existing dealer accounts) for the sale of new pontoon boats, boat parts, and accessories ("the agreement"). *See* Comp ¶ 6 and Ans ¶ 6. King asserts three claims against Triton under Michigan law for allegedly unpaid commissions: breach of contract (*see* Comp ¶¶ 4-10); violation of the common-law Procuring-Cause Doctrine, which King contends requires payment of commissions on sales for which the plaintiff was the procuring cause, without

regard to whether the order was received before the termination of the written agreement (*see* Comp ¶¶ 11-15); and intentionally failing to pay sales commissions within the time prescribed by the Michigan Sales Representatives Commission Act, MICH. COMP. LAWS § 600.2961 *et seq.* (*see* Comp ¶¶ 16-20).

After the parties completed discovery and engaged in unsuccessful settlement discussions, Triton filed a motion for summary judgment on August 5, 2009, King filed an opposition brief on September 1, 2009, and Triton filed a reply brief on September 15, 2009. *See* Doc. Nos. 30-31, 35 and 36.

Apparent Factual Errors Underlying Plaintiff's Prayer for Relief and Damages Calculation.

With regard to King's prayer for payment of allegedly owed pre-termination commissions, Triton's opening summary-judgment brief states as follows,

> [I]n his Computation, King contended that Triton under paid commissions during the pre-Termination period in the amount of $163,437.70. Exhibit A, Computation. This was based upon [King's] mistaken recollection that the Oral agreement required Triton to pay him a five percent (5%) commission on all Triton pontoon boats sold within the Territory.
>
> Once King recalled and testified to the actual terms of the Oral Agreement, i.e., two percent (2%) commission for a period of time on pontoon boat sales to four established dealers; three percent (3%) commission on sales of the Aurora pontoon Boat; and five percent (5%) on sales of other pontoon boat products (i.e., the "Manitou"), along with a $50.00 payment for each motor – the dispute over the allegedly unpaid commissions during the Pre-Termination Period became a matter of simple math. **Exhibit E**, King Dep., p. 16 (admitting 5% rate claimed in Computation only should apply to "Manitou" sales); *id.*, pp. 17, 21 (admitting King only to be paid 2% on certain "inherited" dealers); *id.*, p. 18 (admitting 3% on "Aurora" boats, 2% on inherited dealers).
>
> Indeed, King admits that the damage calculations in the Computation are based on an incorrect five percent (5%) figure, that they wrongfully include the full price of the motors, and that he made the calculations in the Computation without the benefit

of or reference to his commission statements or commission checks. *Id.*, pp. 23-26; *Compare*, Exhibit A, Computation. \* \* \* During the course of discovery, the underlying documentation for each sale of pontoon boats in the Territory during the Pre- and Post-Termination Periods, was made available to King. This documentation included copies of the tapes calculating all commissions; all monthly commission payment logs and each and every invoice for every sale in the Territory, along with any supporting documentation, such as Information Form, and sales Order acknowledgement.

Def's MSJ at 9-10 and 10-11. King's opposition brief states as follows on this score:

Mr. King testified during his deposition that . . . the agreement provided that he would be paid [the] following commissions:

- A 3% commission on all orders for Aurora model boats received from new accounts he established, plus a 5% commission on all orders for other boat models or parts;

- A 2% commission [sic] on some of the sales to four inherited accounts in his territory until such time as he established four new accounts of his own, at which time the commission rate on the inherited accounts would increase to 5%; and,

- A $50 commission for each motor sold.

P's Opp at 1-2. Based on the areas where the parties agree regarding their orally-agreed commission rates for sales completed and paid for during the pre-termination period, the court finds that King's complaint and damages calculation err, as a matter of fact, with regard to the calculation of pre-termination commissions which Triton will owe if King prevails in this action. The court will order King to submit an amended complaint and an amended damages calculation, to rectify factual errors and comport with his deposition testimony.

**ORDER**

No later than Friday, November 13, 2009, King **SHALL FILE** an amended complaint and damages calculation which correct any errors made with regard to pre-termination commissions.

Such calculations **SHALL BE** consistent with his deposition testimony.

The plaintiff **SHALL NOT** amend the complaint or damages calculations in any other way.

Defendants' motion **SHALL** be deemed to apply to the amended complaint.

The oral argument scheduled for October 26, 2009 is **VACATED**.

Oral argument is **SCHEDULED** instead for Monday, November 30, 2009 at 9:30 AM.

"This is <u>not</u> a final . . . order, because it does not dispose of all issues as to all parties." *Ellis v. Kaye-Kibbey*, 581 F. Supp.2d 861, 884 (W.D. Mich. 2008) (Maloney, C.J.) (citing *Johnson v. UPS*, 117 F. App'x 444, 447 (6th Cir. 2004)). Accordingly, this order is not immediately appealable. *See* 28 U.S.C. § 1291; *Tanner Co. v. US*, 575 F.2d 101, 102 (6th Cir. 1978).

**IT IS SO ORDERED** on this ___26th___ day of October 2009.

                                                       /s/ Paul L. Maloney
                                                       Hon. Paul L. Maloney
                                                       Chief United States District Judge